**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BETH ANN SWEET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01950-TWP-MJD |
| ) | |
| TOWN OF BARGERSVILLE and ) | |
| STEVE LONGSTREET, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO ALTER OR AMEND AND DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY**

This matter is before the Court on a Motion to Alter or Amend filed pursuant to Federal Rule of Civil Procedure 59(e) by Plaintiff Beth Ann Sweet ("Sweet") (Filing No. 54). Also pending is a Motion for Leave to File Surreply in Opposition to Plaintiff's Motion to Alter or Amend Judgment, filed by Defendants Town of Bargersville ("Town") and Steve Longstreet ("Longstreet") (collectively, "Defendants") (Filing No. 63). Sweet initiated this action following termination of her employment at the Bargersville Clerk-Treasurer's Office. She asserted claims of age discrimination and First Amendment retaliation. Following the Defendants' motion for summary judgment, the Court entered summary judgment in favor of the Defendants on both claims (Filing No. 52). Sweet now asks the Court to alter or amend the summary judgment ruling on the claim for First Amendment retaliation. After Sweet filed her reply brief, the Defendants asked for leave to file a surreply brief. For the following reasons, the Court **denies** the parties' Motions.

## I. LEGAL STANDARD

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II. DISCUSSION

The Court will first address the Defendants' Motion for Leave to File Surreply and then turn to Sweet's Motion to Alter or Amend.

A.      **<u>Defendants Motion for Leave to File Surreply</u>**

The Defendants argue that for the first time, in her reply brief in support of her Motion, Sweet raised an argument that the Defendants offered "shifting reasons" for Sweet's termination, and these shifting reasons should defeat summary judgment. The Defendants request leave to file a surreply brief to address this allegedly new argument. Sweet responds persuasively that she raised the "shifting reasons" argument in her opening brief as well as in her summary judgment response brief, so this argument is not new, and the Defendants should not be permitted to file a surreply brief.

The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). However, "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015) (citations omitted). "[T]his serves to prevent the nonmoving party from being sandbagged." *Id.* (citation omitted). Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response. *See, e.g.*, *id.*; *Miller v. Polaris Labs., LLC*, 2014 U.S. Dist. LEXIS 18161 (S.D. Ind. Feb. 12, 2014).

Sweet is correct in her assertion that she raised the "shifting reasons" argument in her summary judgment response brief, (Filing No. 44 at 24–28, 32), as well as in her opening brief to support her Motion to Alter or Amend, (Filing No. 55 at 3). Sweet's "shifting reasons" argument

3

is scant at best in her opening brief, and her summary judgment response brief used this argument more directly for the age discrimination claim, which is not at issue here. Nevertheless, this argument is not newly presented in Sweet's reply brief, so the Court **denies** the Defendants' Motion for Leave to File Surreply (Filing No. 63).

**B.      Sweet's Motion to Alter or Amend**

Sweet asserts two reasons why the Court should amend its summary judgment ruling. First, she argues that the Court should reconsider its summary judgment ruling on her claim for First Amendment retaliation because "the Court exclusively relied on the Seventh Circuit's decision in *Galdikas v. Fagan*, 342 F.3d 684 (7th Cir. 2003)," and the *Galdikas* "decision was overruled by the Seventh Circuit in relevant part in *Spiegla v. Hull*, 371 F.3d 928 (7th Cir. 2004)." (Filing No. 55 at 1.) Second, Sweet contends that she has submitted evidence upon which she relied to support her First Amendment retaliation claim. Specifically, she argues that she has submitted evidence of:

> (1) another employee who was terminated after similarly speaking out against the Clerk Treasurer's preferential treatment of utility customers based on socioeconomic status; (2) another retaliatory action taken against Ms. Sweet immediately after she spoke out against Longstreet on a matter of public concern; and (3) the Defendants shifting reasons for the decision to terminate Ms. Sweet, which suggest the real reason is retaliation.

(Filing No. 62 at 2).

Sweet is incorrect in asserting that the Court relied exclusively on the *Galdikas* decision when deciding the summary judgment motion as to the retaliation claim. As the Court noted at the beginning of its consideration of the retaliation claim, "To establish a *prima facie* First Amendment retaliation claim, she must demonstrate that (1) her speech was constitutionally protected; and (2) her speech was a substantial or motivating factor for her termination. *Kodrea v. City of Kokomo*, 458 F. Supp. 2d 857, 866 (S.D. Ind. June 22, 2006)." (Filing No. 52 at 16.)

4

This is the correct standard to apply when considering retaliation claims, and this is the standard that the Court applied in this case.

Although *Galdikas* received negative treatment, the Seventh Circuit did not overrule the *Galdikas* decision in <u>relevant</u> part in *Spiegla v. Hull*. In *Spiegla*, the Seventh Circuit explained,

> Therefore, we disavow the requirement that a plaintiff alleging First Amendment retaliation has the burden of proving but-for causation as recited in the following cases: *Galdikas*, 342 F.3d at 696 . . . . The relevant burden language used in these cases is inconsistent with the majority of Seventh Circuit cases discussing First Amendment retaliation claims and contrary to the rule applied in the other eleven regional circuits. Accordingly, we follow the approach delineated in the majority of our cases, adopted in our sister circuits, and compelled by *Mt. Healthy* itself, i.e., a plaintiff alleging First Amendment retaliation must prove by a preponderance of the evidence that his or her protected activity was a motivating factor in the defendant's retaliatory action.

*Spiegla*, 371 F.3d at 941–42. That the *Spiegla* decision overruled the *Galdikas* decision as to the "but-for" standard is irrelevant to this case because the Court here did not utilize a "but-for" standard, and it did not rely upon the *Galdikas* decision for a "but-for" test. Instead, when considering the evidence and the First Amendment retaliation claim, the Court applied the test of a "motivating factor" and considered all the evidence designated by the parties and viewed that evidence in the light most favorable to Sweet as required on a summary judgment motion. *Spiegla* held that "a plaintiff alleging First Amendment retaliation must prove by a preponderance of the evidence that his or her protected activity was a motivating factor in the defendant's retaliatory action." *Id*. at 942. That is the standard that this Court applied.

The Court also considered *Galdikas* when discussing Sweet's failure to establish a causal link between her speech and the adverse employment action of which she complained. The Seventh Circuit noted although retaliation may be inferred from chronology in some instances, the facts in *Galdikas*--which included a gap in time of six weeks--was too large to support an inference of retaliation. *Galdikas* at 697. See also, *Adusumilli v. City of Chi.*, 164 F.3d 353, 363 (7th Cir.

5

1998) (suspicious timing was insufficient to support retaliation claim where plaintiff complained about harassment and approximately eight months later suffered adverse employment action); *Davidson v. Midelfort Clinic*, 133 F.3d 499, 511 (7th Cir. 1998) (retaliation claim was not supported by five month gap between protected activity and adverse employment action); *Hughes v. Derwinski*, 967 F.2d 1168, 1174 (7th Cir. 1992) (retaliation claim was not supported by four month gap between protected activity and adverse employment action); *Sauzek v. Exxon Coal USA*, 202 F.3d 913, 919 (7th Cir. 2000) (retaliation claim was not supported by three month gap between protected activity and adverse employment action); *Perez v. Transformer Mfrs., Inc.*, 35 F. Supp. 3d 941, 954 (N.D. Ill. 2014) (same, three month gap). *But see Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1458 (7th Cir. 1994) (decision to discharge employee made approximately four weeks after the protected activity supports an inference of a causal link for retaliation claim); *Spiegla*, 371 F.3d at 943 (four days, including the weekend, between protected activity and adverse employment action is sufficient to support causal link for retaliation claim).

      The Court noted that in this case, the evidence shows the decision to terminate Sweet was made in late November or early December 2017 ([Filing No. 42-8 at 22](#)).  Sweet's last statement was made in August 2017, at least three months prior to the decision to terminate her and five months prior to her termination. As determined earlier, the designated evidence does not support that Sweet was terminated because of age discrimination, rather it supports that she was terminated for non-discriminatory reasons. Accordingly, the Court found Sweet's First Amendment retaliation claim fails for lack of a causal connection between the speech and the adverse employment action. The Court's consideration of *Galdikas* is permissible and does not support a manifest error of law.

In her second reason for amending the summary judgment ruling, Sweet asks the Court to again look at the same evidence that she presented with her summary judgment papers, assess again that evidence's sufficiency to support her retaliation claim, and then decide differently on the success of her claim. This is not appropriate for a Rule 59(e) motion.

Sweet asserts that she "designated evidence that Longstreet terminated another former employee of the Town after she spoke out against him on a matter of public concern. *See* Dkt. No. 44-5, ¶¶ 3-7 (Declaration of Jennifer Asbaugh-Ernest)." (Filing No. 55 at 2.) And "[t]he bottom line is, Longstreet fired another individual, Ms. Asbaugh-Ernest, after she protested the CTO[1] going against its usual policy by billing a homeowner for utility fees that were incurred by a builder-developer. Dkt. No. 44-5." (Filing No. 62 at 2.)

However, this designated evidence—the declaration of Jennifer Asbaugh-Ernest—does not support Sweet's assertions. The evidence says nothing about Longstreet. The evidence also does not even state why Jennifer Asbaugh-Ernest was terminated. It requires an inference that her termination was based upon a utility fee issue that arose in the office. Sweet suggests this declaration is circumstantial evidence that Sweet was retaliated against, but the inferences and speculation are too remote to support Sweet's retaliation claim.

Additionally, Sweet's characterization of the evidence about the Town's "shifting reasons for terminating Ms. Sweet's employment" and her reliance on having her job responsibilities adjusted by not working on disconnections likewise do not support her retaliation claim. To accept Sweet's position would require reliance upon speculation and conjecture, which is not sufficient to survive a summary judgment motion. *See Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007). Sweet has failed to point out any manifest error of law or fact in the Court's summary

---

[1] Clerk-Treasurer's Office

judgment ruling as to the First Amendment retaliation claim.  Therefore, the Court concludes that the relief sought in Sweet's Motion to Alter or Amend is not warranted.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Sweet's Motion to Alter or Amend (Filing No. 54) and **DENIES** the Defendants' Motion for Leave to File Surreply (Filing No. 63).

**SO ORDERED**.

Date:  6/8/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

Jonathan A. Bont
PAGANELLI LAW GROUP
jon@paganelligroup.com

Mackenzie Elizabeth Skalski
PAGANELLI LAW GROUP
Mackenzie@paganelligroup.com

William W. Barrett
WILLIAMS HEWITT BARRETT &
WILKOWSKI LLP
wbarrett@wbwlawyers.com

Daniel J. Paul
WILLIAMS HEWITT BARRETT &
WILKOWSKI LLP
dpaul@wbwlawyers.com